```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| KEVIN AVILA | : | |
| | : | |
| v. | : | Civil Action No. DKC 25-237 |
| | : | |
| AFFLUENT MD, INC., d/b/a | | |
| Bonchon Hyattsville, et al. | : | |

**MEMORANDUM OPINION**

Plaintiff Kevin Avila ("Plaintiff") filed this Complaint pursuant to the Fair Labor Standards Act (FLSA) seeking overtime wages arising from his employment with Defendants. Plaintiff and Defendants filed a joint motion seeking the court's approval of their settlement agreement on June 16, 2025. (ECF No. 19). The parties' proposed settlement agreement represents a fair and reasonable resolution of a bona fide FLSA dispute and will be approved.

**I.   Background**

Plaintiff worked for Defendants Affluent MD, Inc. d/b/a Bonchon Hyattsville and Zhou Huang (collectively, "the Defendants") as a kitchen laborer from February 2021 through December 24, 2024. (ECF No. 1, at 2). Plaintiff alleged in the Complaint that he "customarily worked six days per week" and "customarily worked an average of approximately 60 hours per week" throughout the course of his employment. (ECF No. 1 ¶¶ 12, 13).

From February 1, 2021, through December 8, 2023, he earned an hourly rate of $14 per hour. From December 9, 2023, through December 24, 2024, he earned an hourly rate of $15 per hour. On or about August 1, 2023, Defendants stopped paying Plaintiff overtime. Instead, Defendants paid Plaintiff the same regular hourly rate for all hours worked and alternated between a paycheck one week and a cash payment the other week. (*Id.*, at 3).

Plaintiff contended in the Complaint that he is owed overtime wages, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs. Based on these allegations, Plaintiff's Complaint asserts violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 203, *et seq.* (Count I), the Maryland Wage and Hour Law (the "MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.* (Count II); the Maryland Wage Payment and Collection Law (the "MWPCL"), and Md.Code Ann., Lab. & Empl. § 3-501, *et seq.* (Count III).

The parties' proposed settlement agreement provides that, upon court approval, Defendants will pay $28,500 to settle their dispute. From the parties' settlement funds, Plaintiff will receive $17,000 in unpaid overtime and liquidated damages and his attorney will receive $10,860 in attorneys' fees and $640 in costs.

**II. Analysis**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant

2

inequalities in bargaining power between employers and employees, the provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co.*, 30 F.Supp.3d 404, 407 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding whether to approve such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). An FLSA settlement generally should be approved if it reflects "a fair and reasonable

3

resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009); *see also Duprey*, 30 F.Supp.3d at 408, 409. Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko-Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted).

    A.    ***Bona Fide* Dispute**

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408. Here, there is a *bona fide* dispute. In the Complaint, Plaintiff alleged that Defendants failed to "pay overtime wages, or one and one-half times his regular hourly rate for hours worked in excess of forty in a work-week." (ECF No. 1 at 3). Defendants contest that Plaintiff is owed anything. (ECF No. 19 at 2). Thus, a bona fide dispute exists.

B.   **Fairness & Reasonableness**

Upon review of the parties' submissions and after considering the relevant factors, *see Duprey*, 30 F.Supp.3d at 409, the Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. The parties agreed to settle after conducting written and documentary discovery. (ECF No. 19 at 3). Thus, the parties had sufficient opportunity to analyze Plaintiff's claims and to engage in settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *Lomascolo*, 2009 WL 3094955, at *11. Moreover, counsel states "that there was no fraud or collusion in reaching the settlement." *Id*. at 3.

Although the settlement amount is a departure from the amount Plaintiff requested in his Complaint, the amount appears to be a

fair and reasonable resolution because the parties "engaged in substantial informal discovery" and "settlement discussions." (ECF No. 19, p. 1). Because Defendants disputed owing any overtime wages, Plaintiff would have had to litigate his claims. Litigation would likely exhaust much of Defendants' resources, and, if Plaintiff prevailed, pose a risk in collecting on a judgment.

**C. Attorneys' Fees and Costs**

The attorneys' fees and costs requested are reasonable. Counsel for Plaintiff requests payment in the amount of $11,500 which includes $10,860 in attorneys' fees and $640 in costs. In support of this request, Justin Zelikovitz, a member of the bar since 2008, spent approximately 9.5 hours, Jonathan Tucker, a member of the bar since 2009, spent approximately 8.8 hours on this matter, and paralegal and support staff expended approximately 8 hours.

In addition to the $405 filing fee to commence this action, $235 was spent for service of process on Defendants.

**II. Conclusion**

For the foregoing reasons, the joint motion to approve the parties' settlement agreement will be granted. A separate order will follow.

                                                               /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge